UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J. K. Idema, Brent Bennett, Edward Caraballo, and, Zorro Rasuli Banderas,<br>      *Petitioners,*<br> *vs.*<br><br>Zalmay Khalilzad, Ambassador, *and*,[1]<br>Robert S. Mueller, Director of the FBI,<br>      *Respondents.* | **MOTION FOR EXPEDITED COPIES OF JAN 19, 2006 TRANSCRIPT**<br><br>Petitioners Brent Bennett and Z. Rasuli Banderas;<br><br>**Case # 05 CV 2064 (EGS)**<br><br>**PRO SE FILING- NO ECF Requirement**<br>     **LCvR 5.4 (e)(3)**<br><br>**Assigned Judge:** Hon. Emmet G. Sullivan<br>        US District Judge |

 **NOW COME**, Petitioners Brent Bennett and Z. Rasuli Banderas, and move *this* Honorable Court for an order providing Peitioners Bennett, Banderas, and Caraballo, with copies of the transcript of the Court's January 19, 2006 Hearing. In support of his motion, Petitioners state:

 1. The SDNY Clerk **supposedly** lost or misplaced this case (05CV2947) and all motions filed by Petitioners. Because of this denial of *due process* and *access to the courts*, this case has now dragged on for **almost ONE YEAR year**. Nine months ago Petitioners Bennett, Banderas, and Caraballo, requested leave to proceed *in forma pauperis* and for appointment of counsel versed in *habeas corpus* litigation. To this day, our motions have never been heard, and now we are threatened by this Court with wrongful sanctions if we do not file new motions.

 2. Petitioners' imprisonment, Respondents' denial of mail, Respondents' refusal to allow correspondence to be sent to this Court, denial of food and water, and Respondents' search and seizure of family relief parcels, has virtually foreclosed our ability to litigate this case.

 3. As Respondents have shown in their single page attachment of page 27 of the transcript in their latest pleading, this Court made clear its bias against Petitioners during that January 19, 2006 hearing. Since the hearing, the United States Attorney has used a selected portion of that hearing transcript, and the bias and prejudicial statements of this Court as a dagger against Petitioners in an effort to segregate and isolate Petitioners' joint legal positions,

---

[1] Note- Contrary to counsel for the Respondents incorrect pleadings, THIS is the correct case caption. Petitioners DISMISSED Condoleezza Rice more than 9 MONTHS AGO.

1

obstruct justice, deny *due process* and access to the Court's and to re-direct the focus of this case away from the real issues of material fact, and instead towards procedurally and technical complaints to prevent the pursuit of justice.

4.      It is the position of Petitioners that this case will very soon either be on appeal, or filed directly with the US Supreme Court.  Therefore, to respond to the government attorney's disingenuous and obstructive pleadings, it is critical that Petitioners are litigating on a level playing field.  Right now, all the advantages are with Respondents who have full control of the Court, our access to the Courts, and the evidence.  To help level that field, we respectfully request that this Honorable Court order forthwith, copies of the January 19, 2006 hearing, to be provided in full text to the Petitioners within 7 days after filing of this Motion.

5.      This Court has made clear and present threats of dismissal with prejudice if Petitioners do not file pleadings on specific dates, but when Respondents control all aspects of Petitioners' written communication, such statements are in opposition to the case law,[2] and raise serious questions as to this Court's ability to view this case fairly or to make unbiased decisions based on fact and law and not innuendo, threat, prejudice, and racism.  By refusing to provide Petitioners with a copy of the transcript, and by only using select portions to support their arguments, Respondents have taken and are "responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997) (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996)).

6.      Because this Court ordered its deputy to terminate the presence and appearance of Petitioners at that hearing, even though we called in a great expense from Afghanistan, and with the assistance and help of the Afghan Ministry of Defence which blocked any interference by the United States Embassy to prevent our appearance, Petitioners were arbitrary and capriciously denied access to the Court and the right to appear.  Therefore, this Court has a duty to remove the secrecy of that hearing and provide Petitioners with a copy of the transcript.  **"There is no higher duty of a court** than the careful processing and adjudication of petitions for…habeas corpus…for it is in…[this]…a prisoner charges error, neglect, or evil purpose…resulting in his

---

[2] *Harris v. Champion* (aka *Harris I*) 938 F.2d 1062, 1065 (10th Cir 1994) (cannot penalize petitioner when none of the delays are caused or condoned by petitioner).

unlawful confinement and that he is deprived of his freedom contrary to law." Id. at 1470, quoting: *Harris v. Nelson* 394 U.S. at 290-91; 89 S.Ct. at 1086-87 (1969).

7. After one year of government delay and obstruction in violation of the Rules,[3] this Court threatens to dismiss this case with prejudice.[4] As such, Petitioners should have the right to file motions for reconsideration, notices of appeal, requests for expedited appeal, and further petitions with the United States Supreme Court. To file these motions Petitioners require a copy of the January 19, 2006 transcript as soon as possible. It is obvious that the hearing has already been transcribed by the Respondents, and for them to conceal and withhold this transcript from Petitioners is not only unfair, it is obstructive and patently deplorable.[5]

8. Petitioners have filed this Motion *pro se* at great expense to his family and friends because of the Court's wrongful threats, and Respondents' may try to use that to their benefit, but that does not change the facts pled in this case because the fact is, any communication ban can be covertly circumvented with the right underground resources and enough money. Yet, by forcing Petitioners to that, it is in itself a denial of constitutional rights and guarantees.

**WHEREFORE,** Petitioners request that the Court order the January 19, 2006 Hearing Transcript sent to Petitioners forthwith and without delay, and that three copies be sent to Petitioners marked Legal Mail and sealed c/o 6180 Kabul Place, Dulles, VA 20189 to insure speedy delivery, and delivered to Petitioners by the US Consul as soon as practically possible.

Respectfully Submitted and Executed under the penalties of perjury, in accordance with 17 U.S.C. § 1746 On this 13th Day of February 2006, in the Islamic State of Afghanistan.

> Brent Bennett, Petitioner, for all *pro se* Petitioners
> Transmitted from Kabul via Northern Alliance
> Assistance and filed by *next friend*, Jane Doe[6]
> Phone: 011-93-70-054-200 (LCvR 5.1 (e)(1))

---

[3] These threats fly in the face of the first rule of the F.R.Civ.P.; "to secure the just, speedy, and inexpensive determination of every action."

[4] *Salinger v. Loisel*, 265 U.S. 224, 230 (1924); *Wong Doo v. U.S.*, 265 U.S. 239 (1924)

[5] "Prisoners have the right to unfettered access to the courts, [ ] [t]o hold otherwise would be to offend the traditional notions of justice and fair play that underlie the due process clause." *Morris v. U.S.*, D.C.Va. 1975, 399 F.Supp. 720; *Cf. Hannah v. Larche*, 363 U.S. 420, 442, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1959).

[6] Petitioner does not need to demonstrate a physical or mental handicap to justify an agent's signature. Our *Next Friend* is assisting as "Jane Doe" to prevent retaliatory action by the FBI and other US government officials who continue to engage in illegal vindictive acts against family and friends of Petitioners. *Morris v. U.S.*, D.C.Va. 1975, 399 F.Supp. 720

## CERTIFICATE OF SERVICE

      I do hereby certify that a copy of the foregoing Motion For An Expedited Transcript on behalf of all *pro se* Petitioners, will be duly served upon the Respondents **by attempting to hand it the US Consul at the next available time**, addressed as follows, and by further handing a copy to a Pulacharke Prisoner of War compound officer on today's date for presentation to a United States Embassy employee;

                    ORI LEV, DC # 452565
                    Senior Trial Counsel
                    United States Department of Justice
                    Civil Division, Federal Programs Branch
                    Mail: P.O. Box 883, Washington, DC 20044
                    Delivery: 20 Massachusetts Ave., NW, Rm 7330
                    Washington, DC 20001
                    Tel: (202) 514-2395
                    Fax: (202) 318-7589
                    Email: ori.lev@usdoj.gov

      This 13th day of February 2006.

                                              _____
                                              Petitioner Brent Bennett
                                              Mark Correspondence "Legal Mail"
                                              6180 Kabul Place
                                              Dulles, VA 20189

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J. K. Idema, Brent Bennett, Edward Caraballo, and, Zorro Rasuli Banderas,<br>*Petitioners,*<br>vs.<br>Zalmay Khalilzad, Ambassador, *and*, Robert S. Mueller, Director of the FBI,<br>*Respondents.* | **ORDER**<br>Petitioners Brent Bennett, Z. Rasuli Banderas, and Edward Caraballo<br><br>**Case # 05 CV 2064 (EGS)** |

[PROPOSED] **ORDER**

Upon consideration of the Motion for a Transcript of the Court's proceedings on January 19, 2006 submitted by the Petitioners, appearing *pro se*, it is hereby ORDERED that:

A transcript of the January 19, 2006 hearing in this case shall be sent to Petitioners by Respondents forthwith and without delay, and that three copies will be sent to Petitioners in sealed envelopes, marked legal mail, c/o 6180 Kabul Place, Dulles, VA 20189 to insure speedy delivery, and delivered to Petitioners by the US Consul without opening as soon as practically possible.

**SO ORDERED.**

                                                                                     _____
                                                                                     EMMET G. SULLIVAN
                                                                                     United States District Judge