# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

J. K. Idema, Brent Bennett,　　　　　)
Edward Caraballo, and,　　　　　　　)
Zorro Rasuli Banderas,　　　　　　　)
　　　　　　　　　　　*Petitioners,*　)
　　　　　　　　　　　　　　　　　　)
　　*vs.*　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
Zalmay Khalilzad, Ambassador, *and,*[1]　)
Robert S. Mueller, Director of the FBI,　)
　　　　　　　　　　　*Respondents.* )

## MOTION FOR COURT APPOINTED COUNSEL
(Petitioner Brent Bennett; Ph 011-93-70-054200)

**Case # 05 CV 2064 (EGS)**

**PRO SE FILING- NO ECF Requirement
LCvR 5.4 (e)(3)**

**Assigned Judge:** Hon. Emmet G. Sullivan
　　　　　　　　　　US District Judge

---

**NOW COMES,** pursuant to 28 U.S.C. §1915(e)(1), Petitioner Brent Bennett, and moves *this* Honorable Court for an order appointing counsel to represent him in the above captioned Petition for Writ of *Habeas Corpus*. In support of his motion, Petitioner states:

1.　Petitioner filed his first motion on or about May 30, 2005, **nine months ago** (*attached hereto as* **Exhibit A**). The SDNY Clerk **supposedly** lost or misplaced the motion. That same Clerk's Office **supposedly**, according to Respondents, lost this entire case file (05CV2947).

2.　Because of these "incidents," which clearly constitute denial of *due process* and *access to the courts*, this case has now dragged on for **almost ONE YEAR year**. Nine months ago I requested leave to proceed *in forma pauperis* and for appointment of counsel versed in *habeas corpus* litigation. To this day, my motion has never been heard, and now I am threatened by this Court with wrongful sanctions if I do not file another motion.

3.　Petitioner's imprisonment, Respondents' denial of mail, Respondents' refusal to allow correspondence to be sent to this Court, denial of food and water, and Respondents' search and seizure of family relief parcels, has virtually foreclosed my ability to litigate this case.

---

[1] Note- Contrary to counsel for the Respondents incorrect pleadings, THIS is the correct case caption. Petitioners DISMISSED Condoleezza Rice more than 9 MONTHS AGO.

4.      Just as I asserted in my previous motion filed almost **ONE YEAR AGO**,[2] this case **has** involved hearings, the government **has** demanded formal briefs, and this Court **has** itself **threatened, in violation of law, to dismiss Petitioner's case WITH PREJUDICE** if Petitioner does not file formal and certain pleadings.  Additionally, in an effort to segregate and isolate Petitioners' joint legal positions, the Court has now ordered that **separate petitions** be filed.[3] Further, the Court has placed form over substance[4] in violation of all principles of *pro se* litigation,[5] and in complete disregard for the very basis of The Great Writ.[6]  When put in perspective the situation is so ludicrous that it would be comical if not such a serious matter— Petitioner's file a Petition for relief from *due process* liberty restraints (denial of *due process*, mail, communication, access, water, and food) and the Court threatens to dismiss the case when these very same denials cause the Petitioner to be unable to prosecute and defend his case.

5.      These actions prove that the Petitioner must have counsel to proceed or be subjected to a complete arbitrary and capricious denial of *due process* and my Constitutional rights.  In fact, the Court's attitude, failure to rule, loss of the file, and threats to dismiss, stand as a virtual suspension[7] of the Writ in total violation of law.  No court has the right to suspend The Great Writ, and to do so is itself to spit on the Constitution and Bill of Rights of our nation.

6.      To make a threat of dismissal with prejudice if Petitioners do not file pleadings on a specific date, when the Respondents control all aspects of the Petitioners' written

---

[2] Now the Court improperly stays any action by Respondents in violation of the rules.  *See:*  Rule 16(b) (referencing Rule 26(f)) The [Scheduling] order shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant. . ."

[3] As Jack Idema pointed out in his statement, related to the Court in the letter of Mr. Tiffany on February 9th, 2006: "We adamantly object to the Court even considering a dismissal with prejudice after one year of waiting for a court, any court, to finally read our Petition.  Eighty-two years ago the Supreme Court knew there would be situations like this and excluded *res judicata* from defeating the power of [The Great Writ] *habeas corpus*.  Those cases stand for the proposition that there is no *res judicata* in a *habeas corpus* case.  Dismissal with prejudice means nothing.  We can just re-file, and re-file, and re-file, until some court hears the merits. I respectfully request the Court read *Salinger v. Loisel*, 265 U.S. 224, 230 (1924) and *Wong Doo v U.S.*, 265 U.S. 239 (1924)."

[4] This violates Rule 4, F.R.Civ.P.: "All pleadings shall be so construed as to do substantial justice."

[5] *Haines v. Kerner*, 404 U.S. 519 [30 L. Ed. 2d 652, 92 S. Ct. 594] (1972).  [**2171]

[6] Petitions should ALWAYS be viewed with a measure of tolerance.  *See US v Glass*, 317 F.2d 200, 2002 (4th Cir. 1963); *Wright v. Dickson*, 336 F.2d 878, 881 (9th Cir. 1966).

[7] It is the principle goal of *habeas corpus* to provide swift and just determination of every claim and safeguard liberty interests which are paramount in the history of our country.

communication, is in such opposition to the case law,[8] as to raise serious questions as to this Court's ability to view this case fairly or to make rational decisions based on fact and law and not innuendo, threat, prejudice, and racism.

7.      In fact, the Court has clearly stated its prejudice[9] in this case by and through the following statements at the prior January Hearing:

> First Contested Statement:
>
> **Court: "Look, I'm going to tell counsel now if it doesn't conform to our rules, I'm going to strike it without waiting for a response from the government. I'm just going to do it.  And the case law is clear what a complaint should contain and what it shouldn't contain."**

**Petitioner's Response:**  We, jointly, as Petitioners, are aware of no rule, either federal or local, which is in opposition to the exact format and content of the petition filed in this case.[10] The petition contains facts, alleged violations of specific Constitutional rights, and supporting case law.  Unlike a civil complaint, which apparently this Court is considering this is, a *habeas corpus* petition requires 1) facts, 2) alleged violations of Constitutional rights and guarantees, 3) the legal basis for the Petition.  Petitioners chose to file their petition with an inclusive memorandum of law.  While this is not the format of a civil complaint, such as a *Bivens* action, it IS fully acceptable, and supported by a long history of similar habeas petitions, in virtually every circuit.

Furthermore, the law is equally clear on how a §2241 *habeas corpus* petition should be viewed and read by a court.  *Habeas* petitions MUST be construed as liberally as possible. *See*: *Holiday v. Johnston*, 313 U.S. 342, 350 (1941), *Pyle v. Kansas*, 317 U.S. 213, 216 (1942), *Williams v. Kaiser*, 323 U.S. 471, 475 (1945), *Dorsey v. Gill*, 148 F.2d 857, 865 (D.C. Cir. 1945), *Clark v. Warden*, 293 F.2d 479 (4th Cir. 1961), *Turner v. Maryland*, 303 F.2d 507 (4th Cir.

---

[8] *Harris v. Champion* (aka *Harris I*) 938 F.2d 1062, 1065 (10th Cir 1994) (cannot penalize petitioner when none of the delays are caused or condoned by petitioner).
[9] *Montgomery v. Meloy*,  90 F.3d 1200, 1205, 1206  (7th Cir 1996); (on Constitutional grounds); *Carter v. Estelle, supra.*, 677 F.2d at 440 and 449 n.16 & n.15 (**futility exists when the *prejudicial attitude of the court to petitioner's claims is a foregone conclusion***)
[10] And, Local Civil Rule 9.2, which is the only local rule related to this, says nothing to the contrary.

1962), *Tyler v. Harris*, 226 F.Supp. 852, 855 (W.D.Mo. 1964), *Killgore v. Blackwell*, 332 F.2d
585 (3d Cir. 1964), *Gajewski v. Stevens*, 346 F.2d 1000, 1002 (8th Cir. 1965).

Apparently, this Court fails to realize that the "principle aim of the writ is to provide for
swift judicial review of alleged unlawful restraint on [any] liberty" *Peyton v. Rowe*, 391 U.S. 54
(1968), not just physical custody.

> Second Contested Statement:
>
> Respondent: "I appreciate that. And I would ask that once we get an amended
> petition filed that we have 60 days to respond to it."
>
> **Court: "Absolutely."**

**Petitioner's Response:** Assuming, that this Court considers this a civil complaint, than this
Court must follow the rules. Rule 12(3)(A), states:

> "The United States, an agency of the United States, or an officer or employee of the
> United States sued in an official capacity, shall serve an answer to the complaint or cross-
> claim or a reply to a counterclaim within 60 days after the United States attorney is served
> with the pleading asserting the claim."

Since Respondents were served almost a year ago they are in default. But *habeas corpus* actions
are not subject to that Rule, § 2241 *habeas corpus* petitions must be answered within a maximum
of 23 days after service:[11]

> "§ 2243. ISSUANCE OF WRIT; RETURN; HEARING; DECISION
>
> ...It shall be returned within three days unless for good cause additional time,
>
> not exceeding twenty days, is allowed."[12]

---

[11] Obviously Respondents are thinking about § 2255 petitions, but this IS not a collateral attack on a
sentence, nor is ANY portion of the petition based on § 2255.

[12] **Section 2243 – Notes** (June 25, 1948, ch. 646, 62 Stat. 965.) HISTORICAL AND REVISION
NOTES. Based on title 28, U.S.C., 1940 ed., Sec. 455, 456, 457, 458,459, 460, and 461 (R.S. Sec.
755-761). Section consolidates sections 455-461 of title 28, U.S.C., 1940 ed. The requirement for
return within 3 days "unless for good cause additional time, not exceeding 20 days is allowed" in the
second paragraph, was substituted for the provision of such section 455 which allowed 3 days for
return if within 20 miles, 10 days if more than 20 but not more than 100 miles, and 20 days if more
than 100 miles distant. Words "unless for good cause additional time is allowed" in the fourth
paragraph, were substituted for words "unless the party petitioning requests a longer time" in section
459 of title 28, U.S.C., 1940 ed.

By this Court answering "Absolutely" to the governments request for what will be far more than a year to respond, and without hearing from opposing counsel or petitioners, is clear and convincing evidence that this Court will ignore both the law and the rules in this case. Therefore, to protect my rights, it is paramount that Petitioner be afforded counsel.

Third Contested Statement:

**Court: "And I think everyone agrees, he's not in the custody of the United States."**

**Petitioner's Response:** I can guarantee this Court that not a single Petitioner in this case agrees with that, nor does the Afghan government. Obviously this Court has not had the time to read the petition, and as such should not already make a decision based on whatever small portion of the facts the Court **might** have reviewed. And, if the Court has read the petition, the next question is how have a dozen different liberty restraints all been narrowed down to one issue? Further, the refusal of the Respondents, who are the sole gatekeeper of mail between Petitioners and their family and friends, and lawyers (in the case of Idema) to allow mail, goes to the very heart of *due process*, access to the courts and equal protection. **"There is no higher duty of a court** than the careful processing and adjudication of petitions for...habeas corpus...for it is in...[this]...a prisoner charges error, neglect, or evil purpose...resulting in his unlawful confinement and that he is deprived of his freedom contrary to law." Id. at 1470, quoting: *Harris v. Nelson* 394 U.S. at 290-91; 89 S.Ct. at 1086-87 (1969).

"*Habeas corpus* tests not only the fact, but the form of detention and lawfulness of restrictions placed upon personal freedom," *Bland v. Rodgers*, D.C.D.C. 1971, 332 F.Supp. 989. The petition at bar addresses facts which require a prompt and efficacious remedy for "whatever society deems to intolerable restraints upon ones liberty." *Bland v. Rodgers, supra.*

As an example, Respondents completely control all of Petitioners' correspondence both in and out of Afghanistan. Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution. To state a claim for denial of access to the courts - in this case due to interference with legal mail - a petitioner must only allege that the Respondent "took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" *Monsky v. Moraghan*, 127

F.3d 243, 247 (2d Cir. 1997) (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996)).

In addition to the right of access to the courts, a prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment. *See: Heimerle v. Attorney General*, 753 F.2d 10, 12-13 (2d Cir. 1985).

8.    This Court can proceed on its threat to dismiss this case with prejudice. Basically, we could care less. We will file another case[13] the next day, and again, and again, and again, until some court, somewhere, hears the merits of our case.[14] This is not a §2254 or §2255 case, this is a §2241 case, and eventually the case will make it to a Court without prejudice and without government control, and one day it will be heard. As the SDNY Court was well aware of, *res judicata* does not apply to *habeas corpus*, and as such, just as the New York District Court stated in its May 18, 2005 Order, dismissal is totally senseless. It is troubling that this Court would ignore benchmark cases such as *Salinger* and *Wong Doo*[15] when making its threats.

9.    Petitioner appeared by phone at the January 19, 2006 hearing, at great expense, and the Court expressed sympathy in its subsequent Order for "technical problems" preventing Petitioners' presence throughout the proceeding. Yet, the reality is that a courtroom deputy rudely, obnoxiously, and quite improperly, told Petitioners the Court was through with us and did not want to hear from us. When my fellow Petitioner tried to politely and respectfully object, the courtroom deputy said, or similar words to this effect:

> Court:    The judge just wants to hear from your attorney, he will be in touch with you.
> Jack:    Do they want to hear from Captain Bennett or Lieutenant Banderas in regards to counsel?
> Court:    Counsel, counsel? Your counsel will inform you of all decisions and discussions, and the judgments o.k.?
> Jack:    Can we listen into the conference?
> Court:    No sir, your attorney will get in touch with you.
> Jack:    It is my understanding that the judge's individual rules encourage *pro se* litigants to... listen...
> Court:    [interrupting] I have indicated what the judge has stated, o.k.? I'm hangin up now.

---

[13] *Salinger v. Loisel*, 265 U.S. 224, 230 (1924) and *Wong Doo v U.S.*, 265 U.S. 239 (1924)
[14] The Court's threats fly in the face of Rule 1 of the F.R.Civ.P.; "to secure the just, speedy, and inexpensive determination of every action."
[15] *Salinger v. Loisel*, 265 U.S. 224, 230 (1924); *Wong Doo v. U.S.*, 265 U.S. 239 (1924)

10.    This denial and obstruction of *due process*, communication, and access to the Court has been precipitated solely by Respondents in this case, and rubber stamped by this Court's refusal to address the merits, or follow the law. [16] The Court's threats to consider form over substance are contrary to law. "Meticulous insistence upon regularity in procedural allegations is foreign to the purpose of habeas corpus."[17]

11.    Petitioner has filed this Motion *pro se* at great expense to his family and friends because of the Court's wrongful threats, and the Respondents' may try to use that to their benefit, but that does not change the facts pled in this case because the bottom line is, any ban on communication can be circumvented with the right underground resources and enough money. Yet, by forcing Petitioners to that, is in itself a denial of constitutional rights and guarantees.[18]

**WHEREFORE,** Petitioner requests that the Court appoint counsel to represent him in this matter, and other relief as is just and proper. Lastly, Petitioner requests that this Honorable Court appoint counsel before any adverse rulings by this Court, and further, if Petitioner's request is denied, it be denied *post haste*, so that Petitioner may file an expedited appeal.

Executed under the penalties of perjury, in accordance with 17 U.S.C. § 1746

On this 12th Day of February 2006, in the Islamic State of Afghanistan.

Brent Bennett, Petitioner,
Transmitted from Kabul by the Northern Alliance
and filed by *next friend*, Jane Doe[19]
Phone: 011-93-70-054-200  (LCvR 5.1 (e)(1))

---

[16] "Prisoners have the right to unfettered access to the courts, [ ] [t]o hold otherwise would be to offend the traditional notions of justice and fair play that underlie the due process clause." *Morris v. U.S.*, D.C.Va. 1975, 399 F.Supp. 720; *Cf. Hannah v. Larche*, 363 U.S. 420, 442, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1959).

[17] *Gibbs v. Burke*, 3337 U.S. 773, 779 (1949); *Price v. Johnston*, 334 U.S. 266, 292 (1948)

[18] Prisoners have the right to unfettered access to the courts, [ ] [t]o hold otherwise would offend the traditional notions of justice and fair play that underlie the due process clause. *See Morris v. U.S.*, D.C.Va. 1975, 399 F.Supp. 720. *See also Cf. Hannah v. Larche*, 363 U.S. 420, 442, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1959).

[19] Petitioner does not need to demonstrate a physical or mental handicap to justify an agent's signature. My *Next Friend* is assisting as "Jane Doe" to prevent retaliatory action by the FBI and other US government officials who have continued to engage in illegal vindictive acts against family and friends of Petitioners. *Morris v. U.S.*, D.C.Va. 1975, 399 F.Supp. 720

# CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Motion For Counsel as to only Petitioner Brent Bennett, will be duly served upon the Respondents **by attempting to hand it the US Consul at the next available time**, addressed as follows, and by further handing a copy to a Pulacharke Prisoner of War compound officer on today's date for presentation to a United States Embassy employee;

> ORI LEV, DC # 452565
> Senior Trial Counsel
> United States Department of Justice
> Civil Division, Federal Programs Branch
> Mail: P.O. Box 883, Washington, DC 20044
> Delivery: 20 Massachusetts Ave., NW, Rm 7330
> Washington, DC 20001
> Tel: (202) 514-2395
> Fax: (202) 318-7589
> Email: ori.lev@usdoj.gov

This 12th day of February 2006.

Petitioner Brent Bennett

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

J. K. Idema, Brent Bennett,
Edward Caraballo, and,
Zorro Rasuli Banderas,

*Petitioners,*

vs.

Condoleezza Rice, Secretary of State,
Zalmay Khalilzad, Ambassador, *and,*
Robert S. Mueller, Director of the FBI,

*Respondents.*

## MOTION FOR COURT APPOINTED COUNSEL
(As to Petitioner Brent Bennett)

**Case # 05 CV 2947 (AKH)**

**Assigned Judge:** Honorable Alvin K.
Hellerstein, US District Judge

---

**NOW COMES,** pursuant to 28 U.S.C. §1915(e)(1), Petitioner Brent Bennett, and moves this Honorable Court for an order appointing counsel to represent him in the above captioned matter. In support of his motion, Petitioner states:

1.    Petitioner cannot afford to hire an attorney. I am requesting leave to proceed *in forma pauperis* in this case and for appointment of counsel versed in habeas corpus litigation.

2.    Petitioner's imprisonment will greatly limit his ability to litigate this case. This case will likely involve substantial investigation, discovery, and legal research.

3.    The issues in this case are complex. A lawyer would help Petitioner apply the law properly in briefs and before the Court. Petitioner has never before been a party to any civil proceeding or any type of litigation.

4.    Hearings and briefs in this case will likely involve conflicting testimony and opposing affidavits. An attorney would assist Petitioner in the presentation of evidence and law. As an example, Petitioner was unable to mail letters to attorney John Tiffany when the government filed its recent motion, and therefore was unable to personally respond to the US Attorney, and restricted from responding through his next friend.

5.    Petitioner is also concerned with the attorney/client relationship privilege now that evidence has arisen indicating the US government may be attempting to bring charges against or extradite one or more of the Petitioners. For this reason proceeding through a next friend will not be advantageous or in the interest of justice.

1

# EXHIBIT A

6.    Petitioner is unable to obtain an attorney because he is currently incarcerated in Afghanistan and the U.S. government is obstructing all mail and communication between Petitioner and all outside persons, including family, friends, and legal professionals. Petitioner has also been denied all rights to send or receive mail from family, friends, or to attorney John Tiffany through his *next friend*. This denial and obstruction has been done by Respondents.

7.    Petitioner has no money, no property, and no assets other than his remaining personal clothes and some furniture in North Carolina. All money which Petitioner's family could raise was spent on the 2004 trial in Afghanistan. All of Petitioner's other property and belongings were confiscated by the FBI in Kabul. Petitioner's bank account carries a zero balance and may very well be closed at this point. Petitioner has received less than $200 into his trust account in the last 11 months since incarceration, and believes that the precise amount is $135 or less which was received through the US Embassy in the summer of 2004.

8.    Petitioner is 29 years old and has never requested Court appointed counsel before, or been involved in litigation before. Petitioner did receive Court appointed counsel in his original Afghan trial, and that counsel was paid $35 to represent him. Counsel could not proceed to trial because both (husband and wife attorneys) did not have a high school education, had no formal training in law, could not speak English, and prior to trial they were threatened by the FBI and NDS if they attempted to represent me.

9.    Petitioner is clearly indigent, and in need of counsel before proceeding further and requests that this Honorable Court appoint counsel before any adverse rulings against Petitioner by this Court.

**WHEREFORE,** Petitioner requests that the Court appoint counsel to represent him in this matter, and other relief as is just and proper.

Executed under the penalties of perjury, in accordance with 17 U.S.C. §1746 on this 21st Day of May 2005, in the Islamic State of Afghanistan.

Brent Bennett, Petitioner
*Digital Signature*
Transmitted from Kabul by the Ministry of Justice
c/o Russel Brown, US Consul
US Embassy Afghanistan
6180 Kabul Place, Dulles, VA 20189-6180

2

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Motion For Counsel as to only Petitioner Brent Bennett, has been duly served upon the below named Respondents **by first class mail**, addressed as follows;

> DANNA DRORI
> Assistant United States Attorney
> DAVID N. KELLEY
> United States Attorney for the
> Southern District of New York
> Attorney for the United States of America
> 86 Chambers St., 3rd Floor
> New York, NY 10007
> Telephone:   (212) 637-2689
> Facsimile:   (212) 637-2686

This 30 day of May 2005.

> John Edwards Tiffany
> Attorney for Petitioner Idema
> And Idema as *Next Friend* to
> Petitioner Brent Bennett
> (JT #7322)
> PO Box 190,
> 55 Washington Street
> Bloomfield, NJ 07003
> Ph:  973/566-9300
> Fax: 973/566-0007

3