UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.K. IDEMA, <u>et al.</u>, ) | |
| ) | |
| Petitioners, ) | No. 05 CV 2064 (EGS) |
| ) | |
| v. ) | |
| ) | |
| RONALD NEUMANN, <u>et al.</u>,[1] ) | |
| ) | |
| Respondents. ) | |

**RESPONSE TO MOTION FOR EXPEDITED COPIES
OF JANUARY 19, 2006 TRANSCRIPT**

Respondents take no position on the substance of Petitioners Brent Bennett and Z. Rasuli Banderas's Motion for Expedited Copies of January 1, 2006 Transcript. Respondents do, however, object to those portions of the Proposed Order providing that copies of the transcript be mailed to "Petitioners . . . c/o 6180 Kabul Place, Dulles, Virginia 20189" and providing that the transcripts be delivered to Petitioners "by the US Consul without opening as soon as practically possible."

The Dulles, Virginia address is a diplomatic pouch address that Petitioners are not authorized to use. <u>See</u> Transcript, Jan.19, 2006, at 23, 28 (attached hereto as Exh. 1). <u>See also</u> Notice Regarding Mail Service to Plaintiffs ("Notice"), filed in <u>Idema v. Rice</u>, No. 05-1334 (EGS) (D.D.C.) (the FOIA case) (docket no. 11). Accordingly, to the extent that the Motion is granted, Respondents respectfully request that any Order entered by the Court not contain the

---

[1] Petitioners assert that Secretary of State Condoleezza Rice was dismissed as a respondent on May 24, 2005. Moreover, as previously noted, Ambassador Neumann is the current United States Ambassador to Afghanistan, and is automatically substituted as a Respondent in Ambassador Khalilzad's place.

Dulles, Virginia address set forth in the Proposed Order. Respondents also request that Petitioners be ordered to cease all use of the Dulles, Virginia address in correspondence and pleadings with this Court, so as not to necessitate repeated filings by Respondents on this issue.

The Department of State's Foreign Affairs Manual "FAM" provides that all prisoner mail sent to an Embassy for delivery to an American prisoner is to be opened and inspected by Embassy personnel prior to delivery. See 7 FAM 465.6-1(b)(2) (attached hereto as Exhibit 2). To the extent the Court orders the transcripts to be mailed to the United States Embassy in Afghanistan, so that the Embassy might deliver them as an accommodation to the American Petitioners, Respondents respectfully request that the Proposed Order make no reference to the envelope being "unopened."[2]

The Proposed Order also provides that the transcripts be delivered to Petitioners "by the US Consul . . . as soon as practically possible." There is no basis to require that the American Petitioners' mail be delivered by the US Consul personally, as opposed to being delivered by other Embassy personnel, or to require Embassy personnel to make a special trip to the prison for delivery of the transcripts. Mail is currently delivered to the American Petitioners during regularly scheduled prison visits. See 7 FAM 465.6-1(b)(7).

Accordingly, to the extent that the Court wishes to avail itself of the Embassy's provision of mail services to the American Petitioners, Respondents respectfully request that any Order entered by the Court simply require that the transcripts be mailed to the American Petitioners c/o

---

[2] Petitioner Banderas is not an American citizen. Accordingly, the United States Embassy does not provide him with consular services, and there is no basis for any documents to be mailed to him care of the Embassy.

the Embassy at the appropriate address.[3]  The mail will be delivered in due course.  See 7 FAM

465.6-1(b)(7).

Finally, Respondents note that Petitioners apparently have other means of communicating with the outside world and transmitting documents to the Court.  For example, Petitioner Bennett managed to have his Motion submitted to the Court.  See Motion at 3 (signature block) ("Transmitted from Kabul with Northern Alliance assistance and filed by next friend Jane Doe"); see also Petitioner Edward Caraballo's January 23, 2006 Letter to the Court, attached as an Exhibit to the Notice of Electronic Filing (Docket No. 9) ("I have a means to send and receive correspondence weekly").

Dated: March 6, 2006.    Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director


   /s/ Ori Lev
ORI LEV, DC # 452565
Senior Trial Counsel

---

[3] Any such mail should be addressed as follows:
   Consular Section
   United States Embassy
   Great Massoud Road
   Kabul
   Afghanistan
In conformity with the FAM, the mail should be placed in two envelopes – the outside envelope should contain the above address without the prisoner's name, and the inside envelope should contain the prisoner's name.  See 7 FAM 465.6-1(b)(1).

3

United States Department of Justice
Civil Division, Federal Programs Branch
Mail:  P.O. Box 883, Washington, DC  20044
Delivery:  20 Massachusetts Ave., NW, Rm 7330
      Washington, DC 20001
Tel:  (202) 514-2395
Fax:  (202) 318-7589
Email:  ori.lev@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has, this 6th day of March 2006, caused a copy of the foregoing **RESPONSE TO PETITIONER BRENT BENNETT'S MOTION FOR EXPEDITED COPIES OF JANUARY 19, 2006 TRANSCRIPT** to be served, via U.S. mail, postage prepaid, upon the following persons at the following addresses:

John Edwards Tiffany
PO Box 190
55 Washington Street
Bloomfield, NJ  07003

Brent Bennett c/o
Adrienne Harchik, Consul
United States Embassy
Great Massoud Road
Kabul
Afghanistan

Edward Caraballo c/o
Adrienne Harchik, Consul
United States Embassy
Great Massoud Road
Kabul
Afghanistan


　　/s/ Ori Lev
Ori Lev