# C



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
:
J.K. IDEMA, BRENT BENNETT, :
EDWARD CARABALLO, and ZORRO :
RASULI BANDERAS, :
:
             Petitioners, :    05 Civ. 2947 (AKH)
:
  -against- :
:
CONDOLEEZZA RICE, SECRETARY :
OF STATE; ZALMAY KHALILZAD, :
AMBASSADOR; and ROBERT S. :
MUELLER, DIRECTOR OF FBI, :
:
             Respondents. :
----------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENTS' MOTION TO DISMISS**
**<u>FOR LACK OF HABEAS JURISDICTION</u>**

                              DAVID N. KELLEY
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the United States of America
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Telephone:   (212) 637-2689
                              Facsimile:    (212) 637-2686


DANNA DRORI (DD-7690)
Assistant United States Attorney
   – Of Counsel –

# TABLE OF CONTENTS

Page

Preliminary Statement .................................................... 1

Background ............................................................ 2

Argument:

    I.    THIS COURT LACKS JURISDICTION OVER RESPONDENTS
        FOR PURPOSES OF HABEAS ..................................... 3

        A.    Supreme Court Law Establishes That Habeas Jurisdiction Exists
            Only In the District In Which Respondents Are Located, Not In Any
            District Where Respondents May Be Reached By Service Of Process ... 3

Conclusion ............................................................. 9

Respondents Condoleezza Rice, Robert S. Mueller, and Zalmay Khalilzad (collectively, the "Respondents"), by their attorney David N. Kelley, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of their motion to dismiss for lack of habeas jurisdiction over the Respondents.

### Preliminary Statement

Petitioners J.K. Idema, Brent Bennett, Edward Caraballo, and Zorro Rasuli Banderas (collectively, the "Petitioners") are incarcerated in Afghanistan, following arrest by Afghan authorities and conviction by an Afghan court. Although they concede that they are in the physical custody of the state of Afghanistan, they nevertheless challenge their present physical confinement by bringing a habeas petition, pursuant to 28 U.S.C. § 2241 (the "Petition"), against the Respondents. Petitioners claim that they are "in the actual custody and control of the Respondents," and that their continued incarceration results from alleged constitutional violations by Respondents.

The Petition should be dismissed because this Court lacks habeas jurisdiction over the named Respondents. The question of whether this Court has jurisdiction[1] under 28 U.S.C. § 2241 to review a habeas petition involves an inquiry into two analytically distinct questions: (1) whether a petitioner names a proper respondent in the petition; and (2) whether the district court has territorial jurisdiction over that respondent. See Padilla, 124 S. Ct. at 2717. The

---

[1] The word "jurisdiction" is used here in the context that it appears in the text of 28 U.S.C. § 2241 and not to connote subject matter jurisdiction. See Rumsfield v. Padilla, 124 S. Ct. 2711, 2717 n.7 ("The word 'jurisdiction' . . . is capable of different interpretations. We use it in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court."). However, for the reasons discussed below, see, e.g., infra at 2 n.2, 7 n.6, the Government does not concede that the Respondents may be named in habeas in any court based on the facts alleged in the Petition. The Government therefore respectfully reserves the right to move to dismiss for lack of subject matter jurisdiction should the Court decline to grant this motion.

Government limits its arguments in this memorandum of law to the second question, the answer to which is clearly established under Supreme Court law: the United States District Court for the District of Columbia is the only district court with territorial jurisdiction over these Respondents for purposes of this habeas petition. Because this Court lacks territorial jurisdiction over the Respondents, the Petition should be dismissed.[2]

## Background

According to the allegations contained in the Petition, Petitioners are three American citizens and an Afghan national who were arrested in Afghanistan in July 2004, and subsequently convicted by an Afghan court of, among other things, "running a private prison . . . [and] illegally arresting and torturing suspected terrorists." See Petition ("Pet.") at 3 (¶1) & 29 (¶41 n.22). Although Petitioners concede that they are presently in the "physical custody of the Islamic State of Afghanistan" in Pulacharke Prison, see Pet. at 4 (¶4), they nevertheless challenge their physical confinement through this Petition on the theory that it is Respondents, and not the Afghan authorities or the warden at Pulacharke, who orchestrated their arrest and are responsible for their continued incarceration. See, e.g., Pet. at 3 (¶1), 13, 44. Accordingly, Petitioners bring this Petition asserting that Respondents have violated their due process rights by, among other things, withholding exculpatory evidence and intercepting mail.

---

[2] The Government does not concede that these Respondents are "proper respondents" for purposes of habeas and, should this Court decline to grant the Government's motion, respectfully reserves its right to submit to this Court full briefing seeking to dismiss the Petition for failure to name proper respondents.

**Argument**

**I.**

**THIS COURT LACKS JURISDICTION OVER RESPONDENTS FOR PURPOSES OF HABEAS**

A.  **Supreme Court Law Establishes That Habeas Jurisdiction Exists Only In the District In Which Respondents Are Located, Not In Any District Where Respondents May Be Reached By Service Of Process**

Traditionally, prisoners were allowed to bring habeas petitions only against their immediate custodians (i.e., the warden of the facility at which they were held) and only in the federal district in which they were physically confined. See Padilla, 124 S. Ct. at 2717-18, 2723. As habeas jurisprudence has developed, and courts have carved out limited exceptions to the "immediate custodian" and "district of confinement" rules, the Supreme Court has nevertheless reaffirmed the basic principle that habeas jurisdiction lies only in the district in which a respondent is found, i.e., in the district court with "territorial jurisdiction" over the respondent. Padilla, 124 S. Ct. at 2722-25. This rule is grounded in the language of 28 U.S.C. § 2241 itself, under which district courts may grant writs of habeas corpus only "within their respective jurisdictions." 28 U.S.C. § 2241(a); see also Padilla, 124 S. Ct. at 2722. Moreover, the territorial jurisdiction rule makes sense in light of the fact that the writ is directed not to the person detained but "to the person having custody of the person detained." 28 U.S.C. § 2243.

None of the Respondents are located within the territorial jurisdiction of the Southern District of New York. Petitioners concede that Rice's "offices are in Washington, DC" and that Mueller "is the Director of the FBI, in Washington, DC." Pet. at 8 (¶¶17, 19). Khalilzad was appointed by the President, with the advice and consent of the Senate, as Ambassador to Afghanistan, and his office is in Kabul. See U.S. Const. art. II, § 2, cl. 2 (bestowing upon the

3

President the power to appoint ambassadors with the advice and consent of the Senate). He reports to the President through the Secretary of State, both of whom are in Washington, D.C. See 1 Foreign Affairs Manual 013.2 & Exh. 013.2, available at http://foia.state.gov/masterdocs/01fam/01m0010.pdf (detailing responsibilities of ambassadors, or "Chiefs of Mission," who operate "[u]nder the direction of the President," and incorporating a sample "Letter of Instruction" from President George W. Bush indicating that each Chief of Mission shall "report to [the President] through the Secretary of State").[3] Petitioners argue that this Court may nevertheless issue a writ provided that Respondents "can be reached by service of process" in the Southern District of New York, relying for support on Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). See Pet. at 47. However, the Padilla Court explicitly rejected Petitioners' interpretation of Braden, holding that "Braden in no way authorizes district courts to employ long-arm statutes to gain jurisdiction over custodians who are outside of their territorial jurisdiction." Padilla, 124 S. Ct. at 2723 ("Padilla, as well as today's dissenters . . . urge that our decisions in Braden and Strait stand for the proposition that jurisdiction will lie in any district in which the respondent is amenable to service of process. We disagree."); see also Stokes v. United States Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (Padilla "unequivocally rejected" the theory that "principles of personal jurisdiction and service of process" had superseded "an inflexible jurisdictional rule" based on territorial

---

[3] Petitioners have not properly served Khalilzad in accordance with 22 C.F.R. § 172.2. See 22 C.F.R. § 172.2(a) ("Only the Executive Office of the Office of the Legal Adviser (L/EX) is authorized to receive and accept summonses or complaints sought to be served upon the Department or Department employees. All such documents should be delivered or addressed to The Executive Office, Office of the Legal Adviser, room 5519, United States Department of State, 2201 C Street, NW., Washington, DC 20520-6310.").

4

jurisdiction.).[4]

Braden altered the traditional "district of confinement" rule by allowing Braden, an Alabama prisoner, to bring a habeas petition in the Western District of Kentucky challenging the validity of a Kentucky indictment underlying a detainer lodged against him by Kentucky officials. Braden, 410 U.S. at 487, 500. The Padilla Court acknowledged that Braden "changed course" by allowing Braden to bring a petition outside of his district of confinement, but it made clear that Braden's reference to "service of process" constituted dicta, which "did not indicate that a custodian may be served with process outside of the district court's territorial jurisdiction." Padilla, 124 S. Ct. at 2723 (emphasis in original). Rather, the Braden decision "dicate[d] the opposite inference" – the Western District of Kentucky had jurisdiction over Braden's petition precisely because "the respondent [the Kentucky court] was properly served in that district." Id. (quoting Braden, 410 U.S. at 500) (emphasis supplied in Padilla); see also id. (noting further that the Braden Court cited Schlanger v. Seamans, 401 U.S. 487 (1971), "a case squarely holding that

---

[4] Petitioners also rely for their argument on King v. Lynaugh, 729 F. Supp. 57 (W.D. Tex. 1990), and Dunn v. United States Parole Comm'n, 818 F.2d 742 (10th Cir. 1987), neither of which are controlling law in the Second Circuit, both of which pre-dated Padilla, and both of which involved prisoners' challenges to decisions made by the United States Parole Commission, not at issue here. In addition, the King holding is inapposite because the Western District of Texas relied for its findings on the same interpretation of Braden that was rejected by the Padilla Court. See King, 729 F. Supp. at 58. The Dunn holding is directly contrary to Second Circuit law. Dunn determined that the United States Parole Commission could properly be considered a prisoner's "custodian" for purposes of a habeas petition challenging a decision by the United States Parole Commission. This Circuit has held, however, that the only proper custodian for habeas purposes in those circumstances is the warden of the facility in which the prisoner is held. See Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir. 1976) ("[I]t would stretch the meaning of the term beyond the limits thus far established by the Supreme Court to characterize the Parole Board as the 'custodian' of a prisoner who is under the control of a warden and confined in a prison, and who is seeking, in a habeas corpus action, to be released from precisely that form of confinement."); accord Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986).

5

the custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction").[5]

Nor is the territorial jurisdiction rule negated where the "immediate custodian" rule is relaxed and petitioners name the supervisors of persons they allege to be their custodians. The Padilla Court recognized that where "American citizens confined overseas (and thus outside the territory of any district court) have sought relief in habeas corpus," they have been allowed to "name as respondent a supervisory official" of their custodian – a senior civilian official exercising responsibility with respect to the challenged detention. Padilla, 124 S. Ct. at 2726 n.16 (citing cases). In those limited circumstances, however, the petition must still be filed "in the district <u>where the respondent resides</u>." Id. (emphasis supplied); see also Gherebi v. Bush, 374

---

[5] Like the petitioner in Padilla, Petitioners here use the habeas statute to challenge their present physical confinement. However, even if Petitioners were to argue that the Petition includes challenges to something other than present physical confinement, the territorial jurisdiction rule would still preclude them from suing Rice, Mueller, and Khalilzad in the Southern District of New York. Although Padilla re-affirmed the territorial jurisdiction rule in the context of a physical confinement challenge, it did so by holding that the rule had been held to apply in prior cases, including Braden and Schlanger, neither of which involved challenges to present physical confinement. In Braden, the petitioner was in the physical custody of an Alabama official but challenged an indictment underlying a detainer lodged by Kentucky officials; the Supreme Court held that a district court in Kentucky had jurisdiction because the Kentucky respondent was properly sued in Kentucky. 410 U.S. at 486-87, 500; see also Padilla, 124 S. Ct. at 2723; Al-Marri v. Rumsfeld, 360 F.3d 707, 711 (7th Cir. 2004) ("Braden did not hold that litigation about the Kentucky indictment could occur everywhere. . . . Braden sued his Kentucky custodian in Kentucky, just as § 2241(a) provides."). The Schlanger petitioner was not physically confined at all; he was an enlisted man whose Georgia commander had permitted him to study in Arizona, where he filed a petition alleging that his enlistment contract had been breached. 401 U.S. at 487-88. The Supreme Court held that the Arizona court lacked jurisdiction because the Georgia custodian was not "within [its] territorial jurisdiction." Id. at 490-91. Accordingly, Padilla's reliance on Braden and Schlanger clearly demonstrates that habeas cases generally – not only physical custody challenges – are subject to the territorial jurisdiction rule. Indeed, as noted above, the source of the rule is statutory and thus does not depend on what type of habeas action is involved. See Padilla, 124 S. Ct. at 2722-25 (explaining that the rule is "derived from the terms of the habeas statute" (citing 28 U.S.C. § 2241(a))).

6

F.3d 727, 739 (9th Cir. 2004) (ordering transfer to District of Columbia of habeas action filed against, among others, the President and the Secretary of Defense by foreign national detained by American authorities at Guantanamo Bay as "enemy combatant").[6]

Indeed, practical considerations reinforce the soundness of the territorial jurisdiction rule by, for example, preventing habeas petitioners from engaging in forum shopping. As articulated in Padilla, without this rule, a prisoner "could name a high-level supervisory official as respondent and then sue that person wherever he is amenable to long-arm jurisdiction," resulting in "rampant forum shopping, district courts with overlapping jurisdiction" as well as "inconvenience, expense, and embarrassment." Padilla, 124 S. Ct. at 2725. Although the Padilla Court articulated these concerns in the context of a case in which the traditional "immediate custodian" and "district of confinement" rules applied, the Court nevertheless made clear that these concerns were equally valid where exceptions to the traditional rules might exist. See Padilla, 124 S. Ct. at 2828 ("When an exception [to the immediate custodian/district of confinement rules] applies, . . . courts must still take into account the considerations that in the ordinary case are served by the immediate custodian rule, and, in a similar fashion, limit the available forum to the one with the most immediate connection to the named custodian.")

---

[6] Again, the Government does not concede (and expressly reserves its right to dispute at a later date) that, based on the facts alleged in the Petition, Petitioners may appropriately name these Respondents in a habeas petition before any court. The "Americans confined overseas" referenced in Padilla were all confined by American authorities abroad. See Padilla, 124 S. Ct. at 2726 n.16 (citing Burns v. Wilson, 346 U.S. 137 (1953) (United States Army court-martial convicts held in Guam brought habeas petition against the Secretary of Defense in the District of Columbia) and United States ex rel. Toth v. Quarles, 350 U.S. 11 (1955) (United States Air Force court-martial convict held in Korea sued Secretary of the Air Force in the District of Columbia)); see also Gherebi, 374 F.3d 727. That scenario is completely distinct from the one presented here, where Petitioners are confined by Afghan authorities abroad following conviction by an Afghan court.

7

(Kennedy, J., concurring) (citing Rasul v. Bush, 124 S. Ct. 2686 (2004)). The territorial jurisdiction rule, based as it is on a statutory restriction on issuing the writ, constitutes a restriction on district courts' authority rather than a mere venue provision. See Padilla, 124 S. Ct. at 2728 ("Although habeas actions are civil cases, they are not automatically subject to all of the Federal Rules of Civil Procedure," including the "venue rules and venue considerations that apply to other sorts of civil lawsuits. . . . Instead, these forum-location rules for habeas petitions are based on the habeas statute and the cases interpreting them.") (Kennedy, J., concurring). Accordingly, because the forum "with the most immediate connection" to each of the Respondents is Washington D.C., Padilla, 124 S. Ct. at 2828, only the district court in the District of Columbia may hear a habeas petition against them.[7]

Finally, Petitioners cannot escape the exercise of the territorial jurisdiction rule by arguing that the Southern District of New York is the "proper jurisdiction" for the Petition because Petitioners' counsel is "in New York," "the bulk of the legal mail obstructed is destined for NY or comes from NY," and because Caraballo and his family are New York residents and Idema's father is "in New York." Pet. at 46 & n.36. As a preliminary matter, Petitioners' argument about the location of their counsel is dubious as the Petition elsewhere establishes that counsel is located not in the Southern District of New York (or, indeed, in the Second Circuit) but rather in Bloomfield, New Jersey. See Pet. at 74 (Petition signed by counsel listed at New

---

[7] Nor is the exercise of habeas jurisdiction over these Respondents in the Southern District of New York permitted by any other federal law. See, e.g., Schlanger, 401 U.S. at 490 n.4 (1971) (nationwide service of process is not applicable to habeas petitions pursuant to 28 U.S.C. § 1391(e) because, among other reasons, "the legislative history of that section is barren of any indication that Congress extended habeas corpus jurisdiction" and "[t]hough habeas corpus is technically 'civil,' it is not automatically subject to all the rules governing ordinary civil actions") (citation omitted).

8

Jersey address with New Jersey telephone and facsimile numbers). In any event, the location of Petitioners, their families, or their counsel is not a factor considered by the Supreme Court in its analysis of habeas jurisdiction. Under Petitioners' analysis, they would have their choice of North Carolina (where Petitioner Jack Idema is a resident, see Pet. at 6 (¶10)), California (where Petitioner Brent Bennett is a resident, see id. (¶11)), or any district in which they have family members – even where Petitioners have alleged no wrongful acts in any of these districts, or indeed in the Southern District of New York. Not only would litigation outside of the District of Columbia present a hardship to Respondents, but this is precisely the type of forum shopping the Padilla Court sought to avoid in reaffirming the territorial jurisdiction rule. Padilla, 124 S. Ct. at 2725.

## Conclusion

For the foregoing reasons, this Court should dismiss the Petition for lack of habeas jurisdiction.

Dated: New York, New York
    April 28, 2005

>                   DAVID N. KELLEY
>                   United States Attorney for the
>                   Southern District of New York
>                   Attorney for Respondents
>
>           By:     _/s/ Danna Drori_
>                   DANNA DRORI (DD-7690)
>                   Assistant United States Attorney
>                   86 Chambers Street, 3rd Floor
>                   New York, New York
>                   Telephone: (212) 637-2689
>                   Facsimile: (212) 637-2686

CERTIFICATE OF SERVICE

I, Danna Drori, an Assistant United States Attorney for the Southern District of New York, hereby certify that on April 28, 2005, I caused a copy of the foregoing Memorandum of Law to be served by Federal Express upon the following:

John E. Tiffany, Esq.
P.O. Box 190
55 Washington Street
Bloomfield, NJ 07003

Dated:    New York, New York
         April 28, 2005

_____
DANNA DRORI