# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| J.K. IDEMA, et al., | ) | |
| | ) | |
| Petitioners, | ) | No. 05 CV 2064 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| RONALD NEUMANN, et al.,[1] | ) | |
| | ) | |
| Respondents. | ) | |

## SUPPLEMENTAL BRIEF IN OPPOSITION TO PETITIONERS' MOTION FOR TEMPORARY RESTRAINING ORDER
## ADDRESSING MOOTNESS OF PETITIONER CARABALLO'S CLAIM

On March 1, 2006, petitioners filed a Motion for Temporary Restraining Order and Other Relief and Rule 60 Motion ("TRO Motion"), purportedly on behalf of all petitioners in this case. On March 8, 2006, respondents filed their opposition to the TRO Motion, explaining why the Motion should be denied and the Petition dismissed.  Subsequently, on or about April 30, 2006, petitioner Edward Caraballo was released from Afghan custody and returned to the United States. Indeed, as the Court is aware, Mr. Caraballo personally attended the last status conference in this matter, held on May 4, 2006.  At that conference, the Court raised the question of whether Mr. Caraballo's release from custody has mooted his habeas claim.  Respondents respectfully submit that it has.  Respondents hereby file this supplemental response to the TRO Motion demonstrating that Mr. Caraballo's claim is moot, providing yet another basis upon which to

---

[1] Petitioners assert that Secretary of State Condoleezza Rice was dismissed as a respondent on May 24, 2005.  Moreover, as previously noted, Ambassador Neumann is the current United States Ambassador to Afghanistan, and is automatically substituted as a Respondent in Ambassador Khalilzad's place.

deny petitioner Caraballo's TRO Motion and dismiss his habeas claim.

## ARGUMENT

Petitioners brought this habeas petition alleging that, although they were "incarcerated in Pulacharke Prison in Afghanistan" and "in the physical custody of the Islamic State of Afghanistan" pursuant to a criminal conviction in an Afghan court, they were "actually in the custody and control of the Respondents."  Petition at 4 (¶ 4).  It is now undisputed that petitioner Caraballo is no longer incarcerated in Afghanistan.  Any habeas claim he might have had based on that incarceration is now moot.

Article III of the Constitution defines the outer bounds of the constitutional jurisdiction of federal courts by restricting the exercise of judicial power only to "Cases" or "Controversies." U.S. Const., art. III, § 2.  As the Supreme Court has explained in applying this constitutional limitation to a habeas case:

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . .  The parties must continue to have a stake in the outcome of the lawsuit.  This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.

Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal citations and quotation marks omitted).  See also Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997).

Absent such an ongoing case or controversy, a case is moot and a court lacks jurisdiction. "The mootness doctrine, deriving from Article III, limits federal courts to deciding 'actual, ongoing controversies.'" Clarke v. United States, 915 F.2d 699, 700-01 (D.C. Cir. 1990), quoting Honig v. Doe, 484 U.S. 305, 317 (1988).  See Mills v. Green, 159 U.S. 651, 653 (1895).  In addition, because mootness goes to the heart of the constitutional power of a federal court to

consider the rights of the parties before the tribunal and afford any relief, it is a "jurisdictional question" that "a federal court must resolve before it assumes jurisdiction." North Carolina v. Rice, 404 U.S. 244, 246 (1971).

Intervening events that occur while litigation is pending may, of course, render a formerly live, ongoing controversy moot. The D.C. Circuit has thus held that "[e]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal court to refrain from deciding it if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" Clarke, 915 F.2d at 701 (citation omitted). Put another way, when events have eliminated any ongoing injury-in-fact, the case is moot. See, e.g., Spencer, 523 U.S. at 7, 14 (release from custody for parole violation eliminated any ongoing injury in fact for habeas purposes).

Here, the injury complained of in the petition no longer exists with respect to petitioner Caraballo. As noted above, petitioners brought this action alleging injury on the ground that they were all improperly "incarcerated in Pulacharke Prison in Afghanistan." Petition at 4 (¶ 4). But any such injury no longer exists insofar as Caraballo is concerned and there remains no ongoing controversy before the Court with respect to him. While improper "incarceration . . . constitutes a concrete injury" sufficient to establish a case or controversy for Article III purposes, Spencer, 523 U.S. at 7, now that the incarceration about which Caraballo complained has ended, there is no continuing injury for the Court to remedy. Id. ("Once the convict's sentence has expired, however, some concrete and continuing injury *other than the now-ended incarceration* or parole . . . must exist if the suit is to be maintained.") (emphasis added). Put simply, the factual premise for Mr. Caraballo's habeas claim no longer exists.

3

The Supreme Court's decision in <u>Spencer</u> is controlling in this regard.  <u>Spencer</u> involved a  habeas claim in which the petitioner sought to invalidate an order revoking his parole and resulting in his renewed detention.  523 U.S. at 3.  Before the district court had acted on the petition, however, and long before the case reached the Supreme Court, the term of detention imposed as a result of the parole revocation had expired and the petitioner was no longer in custody.  <u>Id.</u> at 6.  The Supreme Court held the habeas petition moot under such circumstances. <u>Id.</u> at 7-18.  The court reached this decision even though it recognized that the parole revocation at issue might be used against the petitioner in future parole or sentencing proceedings, finding such injury too remote and speculative to support a finding of ongoing injury of constitutional dimensions.  <u>Id.</u> at 14-15.  Absent an on-going cognizable injury, the case was moot once the period of incarceration was over.

Certainly, here, where the fact of Mr. Caraballo's past incarceration in Afghanistan creates <u>no</u> prospect of any ongoing, remediable injury, the present case is moot.  Put simply, the "controversy" between the parties no longer exists, because Mr. Caraballo is no longer in custody, and his past detention does not cause any ongoing injury remediable in a habeas case. Petitioner Caraballo, therefore, "lack[s] a still vital claim for prospective relief."  <u>Arizonans</u>, 520 U.S. at 67.[2]

---

[2] The Supreme Court has recognized that where "collateral consequences" of a conviction persist post-incarceration, release from custody does not moot a habeas claim.  <u>See</u> <u>Spencer</u>, 523 U.S. at 7, <u>citing</u> <u>Carafas v. LaVallee</u>, 391 U.S. 234, 237-38 (1968).  It is difficult, in the extreme, to conceive of any collateral consequences of Mr. Caraballo's prior incarceration in Afghanistan that would be deemed sufficient to permit his habeas claim to survive his release.  In any event, Caraballo bears the burden of establishing the existence of any such collateral consequences. <u>Kimberlin v. U.S. Parole Comm'n</u>, No. 03-5017, 2004 WL 885215, at *1 (D.C. Cir. April 22, 2004) (petitioner "must demonstrate continuing collateral consequences attributable to the

(continued...)

## CONCLUSION

For the reasons set forth above, petitioner Caraballo's habeas claim is moot.  For this reason, as well as the reasons set forth in Respondents' Opposition to the TRO Motion, the TRO Motion should be denied and the petition dismissed.

Dated: June 8, 2006.               Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director


    /s/ Ori Lev
ORI LEV, DC # 452565
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
Mail:  P.O. Box 883, Washington, DC  20044
Delivery:  20 Massachusetts Ave., NW, Rm 7330
               Washington, DC 20001
Tel:  (202) 514-2395
Fax:  (202) 318-7589
Email:  ori.lev@usdoj.gov

---

[2](...continued)
challenged . . . decisions to avoid dismissal of his petition"); DeFoy v. McCullough, 393 F.3d 439, 442 n.3 (3rd Cir. 2005) ("It is a petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot."); U.S. v. Clark, 193 F.3d 845, 847 (5th Cir. 1999) ("The petitioner has the burden to establish this injury, and if he fails to satisfy his burden we must dismiss for lack of jurisdiction.").  Respondents reserve the right to respond to any such arguments regarding collateral consequences.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has, this 8th day of June 2006, caused a copy of the foregoing Supplemental Response to Petitioners' Motion for Temporary Restraining Order Addressing Mootness of Petitioner Caraballo's Claim to be served, via U.S. mail, postage prepaid, upon the following persons at the following addresses:

> Edward Caraballo
> 60 Erie Street
> Jersey City, NJ 07302
>
> Brent Bennett c/o
> Consular Section
> Adrienne Harchik, Consul
> American Embassy
> Great Massoud Road
> Kabul, Afghanistan

John Tiffany, attorney for Petitioner Idema, will be served via the Court's ECF system.

_____/s/_____
Ori Lev