**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| J.K. IDEMA, <u>et al.</u>,             ) | |
|             ) | |
|        Petitioners,     ) | No. 05 CV 2064 (EGS) |
|             ) | |
|        v.             ) | |
|             ) | |
| RONALD NEUMANN, <u>et al.</u>,[1]  ) | |
|             ) | |
|        Respondents.    ) | |
|             ) | |

**RESPONDENTS' MOTION FOR RECONSIDERATION**
**AND CLARIFICATION OF JULY 14 MINUTE ORDER**

On July 14, 2006, the Court entered a Minute Order granting Petitioner Brent Bennett's

Motion for Expedited Copies of Transcripts ("Motion for Transcript"). The Minute Order directs

that "the transcript of the July 19, 2006 hearing *be mailed* to the following addresses for

petitioners Bennett *and Banderas*," and provides the mailing address of the United States

Embassy in Kabul, Afghanistan. <u>See</u> Minute Order (emphasis added). Respondents respectfully

request that the Court reconsider its order to the extent that it directs that the transcript at issue be

mailed to Petitioner Banderas – who is not a United States citizen – care of the United States

Embassy. Respondents also seek clarification as to whether the Court intended for Respondents

to mail the transcript, or, rather, intended that the Clerk of Court mail the transcript.

**<u>STATEMENT OF POINTS AND AUTHORITIES</u>**

On February 27, 2006, Petitioner Brent Bennett filed the Motion for Transcript, on behalf

---

[1] Petitioners assert that Secretary of State Condoleezza Rice was dismissed as a
respondent on May 24, 2005. Moreover, as previously noted, Ambassador Neumann is the
current United States Ambassador to Afghanistan, and is automatically substituted as a
Respondent in Ambassador Khalilzad's place.

of himself and Petitioner Banderas, seeking a court order directing that a copy of the transcript at issue be mailed to "Petitioners" by Respondents at the Embassy's diplomatic pouch address, and further directing the Consul to deliver the transcript "without opening as soon as practically possible."  See Motion for Transcript (dkt. no. 10), Proposed Order.  Respondents took no position with respect to the substance of the motion, but noted their objection to those aspects of the proposed order requiring that the transcript be mailed to the diplomatic pouch address and requiring that the transcript be delivered unopened as soon as possible.  See Response to Motion for Expedited Copies of January 19, 2006 Transcript (dkt. no. 13) at 1-2.  In a footnote in their response, Respondents also noted that "Petitioner Banderas is not an American citizen.  Accordingly, the United States Embassy does not provide him with consular services, and there is no basis for any documents to be mailed to him care of the Embassy."  Id. at 2 n.2.

The Court's Minute Order "notes the government's objections" and, with the exception of the Order's reference to Petitioner Banderas, does not include any of the provisions of the proposed order objected to by Respondents.  Thus, the Minute Order directs that the transcript be mailed to the Embassy's regular mailing address, and makes no reference to the mail being unopened or delivered as soon as possible.  See Minute Order.[2]  The Minute Order does, however, suggest that the transcript should also be sent to Petitioner Banderas care of the Embassy.  Respondents seek reconsideration of that portion of the Court's Order for the reasons discussed below.  At the same time, Respondents also seek clarification as to whether the Court intended to have Respondents mail the transcript at issue.

---

[2] The Minute Order also provides that a copy of the transcript be mailed to Petitioner Caraballo – who has been released from Afghan custody – at the address noted on the docket.

The United States Embassy in Afghanistan – like U.S. Embassies and Consular offices around the world – provides mail services to incarcerated Americans as an accommodation to those citizens, pursuant to the provisions of the Department of State's Foreign Affairs Manual ("FAM").  Declaration of Edward Betancourt ("Betancourt Decla."), ¶¶ 4-5, attached hereto as Exhibit A.  Specifically, the FAM provides that in those instances where there is no regularly scheduled mail service to a prison, and "as the circumstances warrant," a consular officer "may" make arrangements for "family members" to send mail for the "U.S. citizen or national prisoner" through the Embassy or consulate.  7 FAM 462(4); 7 FAM 465.6-1 (cited portions of the FAM are attached as Exhibit 1 to Betancourt Declaration).  Providing such mail service to prisoners is thus both discretionary and, more importantly, limited to "U.S. citizen or national prisoner[s]." Id.  See also 7 FAM 461 (FAM's guidance "pertains **only** to U.S. prisoners") (emphasis in original).  There can be no doubt that Petitioner Banderas is not a United States citizen.  See Petition ¶ 13 (referring to Petitioner Banderas as an "Afghan national"); see also Betancourt Decla., ¶ 6.  There is thus no basis for the sending mail to Petitioner Banderas care of the United States Embassy, as the consular personnel at the Embassy do not provide mail delivery services to Petitioner Banderas or any other non-American prisoners in Afghanistan.  Id., ¶ 5.  Indeed, the Court has previously recognized this.  See Order, May 5, 2006 (dkt no. 19) at 2 n.2.[3]

Moreover, consular functions are not only delimited by the internal regulations of the Department of State implementing the Executive Branch's foreign affairs function, but by international law as well.  It has long been recognized that assisting nationals of the sending state

---

[3] In the past consular personnel have been requested to provide consular services to other non-Americans incarcerated at Pulacharke Prison and, consistent with standard practice, declined to do so.  Betancourt Decl., ¶ 5.

is a core consular function.  See, e.g., Vienna Convention on Consular Relations, Article 5(a).

Indeed, whether the person seeking consular assistance is a national of the sending state is most

often the critical determining factor with respect to whether a legitimate consular interest exists

and whether an action constitutes an appropriate consular activity.  Providing consular services to

non-citizens or nationals thus would be inconsistent with well-established principles of

international law.  Betancourt Decl., ¶ 7.

Diplomatic and consular officers are received or accepted by the host state to perform

only the functions authorized by agreement of the parties or by customary international law, and

the permissible scope of consular activities is constrained by the limits of the host state's consent.

Indeed, to attempt to provide consular services to non-citizens or nationals might reasonably be

construed as the performance of a sovereign act within the territorial and legal jurisdiction of a

foreign state and could have a negative effect on the United States' bilateral relations with the

state in which such services were performed.  Id.  Just as the United States expects foreign

nations to act within the bounds of the customary international law regarding consular functions,

we instruct our Embassies and Consulates in foreign states to do so.  Id.  Delivering mail to

foreign citizens incarcerated in Afghanistan could be considered by Afghanistan to be a violation

of its sovereignty, and could impair both the United States' ability to effectively provide consular

services to U.S. citizens and nationals in Afghanistan and the United States' bilateral relations

with Afghanistan.  Id.  For a court to effectively order Respondents to deliver documents to a

non-US national in a foreign prison is thus not only inconsistent with the State Department's own

regulations and guidance regarding the provision of consular service, it is also inconsistent with

the scheme of diplomatic and consular relations.[4]

Respondents also note that amending the Court's Order to eliminate reference to Banderas should not have any practical negative consequences, as Banderas is apparently in the same prison cell shared by Petitioners Idema and Bennett.  Betancourt Decla., ¶ 8.  To the extent that Idema's attorney has provided Idema with a copy of the transcript at issue, both Bennett and Banderas should already have access to it;  in any event, once Bennett (who filed the motion at issue on behalf of Banderas) receives his copy of the transcript, he will be able to share it with Banderas.  See Order, May 5, 2006 (dkt no. 19) at 2 n.2 (noting that the "[p]arties suggested that Bennett may be able to provide notice to Banderas").

Accordingly, the Court's Order should be amended to delete any reference to mailing the transcript to Petitioner Banderas care of the U.S. Embassy.

Respondents also take this opportunity to seek clarification of the Court's intent with respect to who should mail the transcript to Petitioner Bennett.  Respondents assume that the Court intended to direct Respondents to mail the transcript, and do not object to such an order; because the Minute Order does not specify who should do the mailing, however (directing only that the transcript "be mailed"), Respondents seek clarification before mailing any copies of the transcript.

WHEREFORE, Respondents respectfully request that the instant Motion be GRANTED, and the Court's July 14, 2006 Minute Order be amended as described above.

---

[4] While the Executive Branch could seek permission from the Afghan government to provide such service, or decide that it was willing to run the risk of protest or other consequences from the host government, this decision should not be one ordered by the court due to the foreign policy implications presented.

5

A proposed order is attached hereto for the Court's consideration.

Dated: July 28, 2006.                    Respectfully submitted,

                                         PETER D. KEISLER
                                         Assistant Attorney General

                                         KENNETH L. WAINSTEIN
                                         United States Attorney

                                         VINCENT M. GARVEY
                                         Deputy Branch Director


                                         __/s/_Ori Lev_____
                                         ORI LEV, DC # 452565
                                         Senior Trial Counsel
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         Mail:  P.O. Box 883, Washington, DC  20044
                                         Delivery:  20 Massachusetts Ave., NW, Rm 7330
                                                  Washington, DC 20001
                                         Tel:  (202) 514-2395
                                         Fax:  (202) 318-7589
                                         Email:  ori.lev@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.K. IDEMA, <u>et al.</u>, ) | |
| ) | |
| Petitioners, ) | No. 05 CV 2064 (EGS) |
| ) | |
| v. ) | |
| ) | |
| RONALD NEUMANN, <u>et al.</u>, ) | |
| ) | |
| Respondents. ) | |
| ) | |

### [Proposed]
### ORDER

THIS MATTER having come before the Court on Respondents' Motion for
Reconsideration and Clarification of the Court's July 14, 2006 Minute Order, and good cause
having been shown, it is hereby

ORDERED that Respondents' Motion is GRANTED; and it is further

ORDERED that the Court's July 14, 2006 Minute Order is hereby amended by deleting
the phrase "to the following address for petitioners Bennett and Banderas" and replacing it with
"by Respondents to the following address for petitioner Bennett."


**SO ORDERED.**

Dated: July __, 2006.                    _____
                                          EMMET G. SULLIVAN
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has, this 28th day of July 2006, caused a copy of the foregoing Respondents' Motion for Reconsideration and Clarification of July 14 Minute Order to be served, via U.S. mail, postage prepaid, upon the following persons at the following addresses:

Brent Bennett c/o
Consular Section
Adrienne Harchik, Consul
American Embassy
Great Massoud Road
Kabul, Afghanistan

EDWARD CARABALLO
60 Erie Street
Jersey City, NJ 07302

Petitioner Idema's counsel, John Tiffany, will be served via the Court's ECF system.

_____/s/_Ori Lev_____
Ori Lev