UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| J.K. IDEMA, et al., | ) | |
| | ) | |
| Petitioners, | ) | No. 05 CV 2064 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| RONALD NEUMANN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RESPONDENTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PETITIONER IDEMA'S FACTUAL ALLEGATIONS IN HIS PETITION FOR WRIT OF HABEAS CORPUS**

Respondents respectfully request an extension of time in which to respond to petitioner Idema's factual allegations in his Petition for Writ of Habeas Corpus and allege the following in support thereof:

1. In an Order and Memorandum Opinion entered on March 21, 2007, the Court dismissed as moot the habeas claims of petitioners Zorro Rasuli Banderas, Brent Bennett, and Edward Caraballo; ordered respondents to provide a response to Mr. Idema's factual allegations in his Petition for Writ of Habeas Corpus; and denied all other pending motions. The Court ordered respondents to respond to Mr. Idema's factual allegations and show cause why the Court should not grant him a writ of habeas corpus by April 10, 2007.

2. In light of critical factual developments in this case, defendants are filing concurrently with the instant motion a Motion to Dismiss the habeas claims of Mr. Idema on the ground that such claims are now moot in light of the commutation of Mr. Idema's Afghan prison sentence pursuant to a general amnesty order issued by Afghan President Hamid Karzai. As explained in Respondents' Motion to Dismiss on Grounds of Mootness, pursuant to an amnesty

decree signed by President Karzai last December and an authorization for Mr. Idema's release approved on March 13, 2007, Mr. Idema's sentence was effectively commuted and he was ordered released from his incarceration related to that sentence. It is respondents' understanding that Mr. Idema's release is imminent, as set forth in Respondents' Motion to Dismiss on Grounds of Mootness. Accordingly, Idema's sentence has expired and his Petition is now moot.

3. Respondents respectfully request that the date for their response to Mr. Idema's factual allegations be extended to thirty days after the Court rules on Respondents' Motion to Dismiss on Grounds of Mootness. In the event that the Court agrees that the case is moot and dismisses it, there will be no need for the Government to respond to Mr. Idema's factual allegations.

4. In addition, the Government requests this extension of time in order to give it adequate time to prepare its response to Mr. Idema's 76-page habeas Petition, should such a response be required. The Petition contains numerous factual allegations, many of which are detailed and complex. The Government has several attorneys working on responding to Mr. Idema's factual allegations. This work is time-consuming, as it involves reviewing the habeas Petition and case files and identifying and interviewing the relevant witnesses and officials, many of whom are located overseas. The Government thus requests this additional time to enable it to thoroughly and accurately respond to all of the factual allegations contained in the Petition.

5. The Court previously recognized that respondents should have sixty days in which to respond to the voluminous Petition. (<u>See</u> Transcript of January 19, 2006 hearing at 27-28).

6.  Lastly, there has been a recent change in counsel representing respondents. Ori Lev, lead counsel for respondents, is leaving the Department of Justice and is being replaced on this case by the undersigned counsel, Marcia Berman, who is new to the case. The requested extension of time is necessary to allow Ms. Berman to familiarize herself with the factual background and procedural history of this case.

7.  On April 4, 2007, Ms. Berman contacted counsel for Mr. Idema to seek Mr. Idema's consent to this motion. Mr. Idema's counsel responded that Mr. Idema does not consent to this motion.

WHEREFORE, respondents respectfully request that the Court extend the deadline for respondents to respond to petitioner Idema's factual allegations in his Petition for Writ of Habeas Corpus to thirty days after the Court rules on Respondents' Motion to Dismiss on Grounds of Mootness, filed concurrently with the instant motion.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

  s/ Marcia Berman
MARCIA BERMAN
Trial Attorney
(PA Bar No. 66168)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.  Room 7204
Washington, D.C.  20530

       Tel.: (202) 514-3330
       Fax: (202) 616-8470
       Email:  marcia.berman@usdoj.gov

Attorneys for Respondents.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she has, this 5th day of April 2007, caused a copy of the foregoing **RESPONDENTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PETITIONER IDEMA'S FACTUAL ALLEGATIONS IN HIS PETITION FOR WRIT OF HABEAS CORPUS** to be filed via the Court's ECF system and that John Tiffany, attorney for Petitioner Idema, will be served via that system.


     s/ Marcia Berman
     MARCIA BERMAN