UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                  )
J.K. IDEMA, et al.,               )
                                  )
          Petitioners,            )
                                  )  Civil Action No. 05-2064 (EGS)
          v.                      )
                                  )
CONDOLEEZZA RICE, et al.,         )
                                  )
          Respondents.            )
                                  )
```

### MEMORANDUM OPINION

Petitioner Jack Idema has been released from Pulacharke Prison and has left Afghanistan.  Pending before the Court is respondents' motion to dismiss Idema's habeas petition on grounds of mootness.  Upon review of the motion, responses and replies thereto, applicable law, and the entire record, the Court **grants** respondents' motion and dismisses petitioner's case.  Moreover, the Court declines petitioner's request to convert certain of his habeas claims into *Bivens* claims.

This Court's March 21, 2007 Memorandum Opinion details the history of this case.  As indicated in that opinion, petitioners Brent Bennett, Edward Caraballo, and Zorro Rasuli Banderas were dismissed from the case because their habeas petitions were mooted by their release from Pulacharke Prison.  Accordingly, Idema is the only remaining petitioner in this case.[1]

---

[1] Bennett has joined in Idema's response to respondents' motion to dismiss.  Bennett asks the Court to reconsider his dismissal from the case, arguing that his petition survives based

On June 11, 2007, respondents filed a declaration by Edward Birsner, Consul to the U.S. Embassy in Afghanistan. Mr. Birsner states that he was informed by Afghan authorities that on June 2, 2007, Jack Idema was released from Pulacharke (also spelled Pol-e-Charkhi) prison, transported to Kabul airport, and departed Afghanistan for an unknown destination. Second Supp. Decl. of Edward P. Birsner ¶ 3. In his most recent filing, Idema confirms that he has in fact left Afghanistan. *See generally* Pet.'s Resp. to Court's Order to File a Surreply and Voluntary Dismissal of Certain Causes of Action ("Surreply").

Petitioner concedes that most of the claims in his habeas petition have been rendered moot by his departure from Afghanistan. Specifically, petitioner indicates that "[p]etitioners do not object, and consent to dismissal of" the following causes of action: illegal rendering; denial of fundamental liberty interests through the denial, restriction, search, and seizure of personal correspondence and attorney-client privileged correspondence; arbitrary statements and actions of respondents with respect to a foreign court; and

---

on respondents' refusal to allow him to re-enter Afghanistan to retrieve his property, denial of his property rights generally, and illegal seizure of exculpatory evidence. For the same reasons the Court dismisses Idema's petition, the Court denies Bennett's motion to reconsider.

obstruction of mail, confiscating and copying mail, and refusing to respond to letters.  *See* Surreply at 2-5.[2]

Petitioner argues, however, that some claims from his original habeas petition survive and that the habeas statute, 28 U.S.C. § 2241, is the proper statute under which to seek relief. Petitioner claims that respondents actions are denying petitioner vital liberty interests, such as the right to free from illegal search and seizure.  Petitioner argued in his original habeas petition and still argues that respondents have violated his constitutional rights by "withholding exculpatory evidence, illegal confiscation and/or destruction of exculpatory evidence, engaging in denial of due process, obstruction of justice, and abuse of process."  Habeas Petition at 51; Surreply at 3. Petitioner also argues that respondents still exercise complete control over petitioner's property held in Afghanistan, that respondents' actions forced petitioner to leave property and exculpatory evidence in Afghanistan, that petitioner is under the continued threat of custody and retaliation by respondents, and that respondents are engaging in emotional and psychological

---

[2] Although petitioner also requests that the Court covert these claims into a *Bivens* style action and give respondents, who would become defendants, 30 days to answer, the Court declines that invitation.  The claims as they appear in the habeas petition are now moot, as petitioner himself concedes, and petitioner has provided no basis upon which the Court could find that the habeas petition presents properly pleaded *Bivens* claims to which respondents would be able to file an answer.

abuse through lingering threats of prosecution, empaneling grand juries for fishing expeditions, and telling Idema through third parties not to return to the United States. Surreply at 5-8.

The original habeas petition challenged the respondents' taking of property and exculpatory evidence needed by petitioner to defend himself in ongoing criminal proceedings in Afghanistan. In effect, petitioner was arguing that the illegal seizure of this property meant that he remained in custody because he could not present evidence needed to defend himself. To the extent petitioner sought the return of exculpatory evidence in order to secure his release, petitioner has failed to demonstrate how his release from custody does not moot this claim. *See Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) ("[F]or a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition and that his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, § 2 of the Constitution.").

As to the other alleged ongoing liberty deprivations that were not raised in petitioner's original habeas petition, the Court disagrees with petitioner that a habeas action is the proper means of seeking redress, as the reach of the habeas statute does not extend so far. The "essence of modern habeas

corpus is to safeguard the individual against unlawful *custody*." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988) (emphasis added). The Court recognizes that the "in custody" requirement for purposes of federal habeas corpus has been "liberally construed," *Maleng v. Cook*, 490 U.S. 488, 492 (1989), and that mere release from custody does not moot a habeas petition, *Spencer v. Kemma*, 523 U.S. 1, 7 (1998). Once the petitioner has been released, however, as Idema has in this case, "some concrete and continuing injury other than the now-ended incarceration or parole -- some 'collateral consequence' of the conviction -- must exist if the suit is to be maintained." *Id.*; *see also Qassim v. Bush*, 466 F.3d 1073, 1076-77 (D.C. Cir. 2006) (relying on *Spencer* to find that survival of habeas claim after release requires a collateral consequence). The petitioner bears the burden of establishing collateral consequences. *See, e.g., Kimberlin v. U.S. Parol Comm'n*, No. 03-5017, 2004 WL 885215, at *1 (D.C. Cir. Apr. 22, 2004) (noting that petitioner "must demonstrate continuing collateral consequences attributable to the challenged . . . decisions to avoid dismissal of his petition").

Petitioner's new claims that he was forced to leave his property in Afghanistan, that respondents continue to exercise complete control over such property, and that he faces continued threats of custody, retaliation, and prosecution do not amount to

5

being in custody and are not the kind of collateral consequences that courts have found sufficient to prevent a habeas claim from becoming moot. *See Lane v. Williams*, 455 U.S. 624, 631-33 (1982) (limiting post-release habeas relief to "civil disabilities" imposed on former prisoners by operation of law); *see also Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968) (finding that habeas petition was not moot after expiration of sentence because of certain statutory consequences of being a convict under New York law such as losing the right to vote, serve as an official in a labor union, serve as a juror, or engage in certain businesses). Moreover, any threat of future possible custody is purely speculative at this point and cannot support this Court's jurisdiction pursuant to 28 U.S.C. § 2241.

The Court makes no determination on whether there might be some conceivable basis under which petitioner can seek redress for the alleged wrongs perpetrated by respondents in some separate civil action. A habeas petition, however, is not the proper means of seeking such relief. As all petitioner's habeas claims are now moot, respondents' motion to dismiss is **granted.** An appropriate Order accompanies this Memorandum Opinion.

**Signed:**     **Emmet G. Sullivan**
        **United States District Judge**
        **July 12, 2007**